**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MATCHSTICK STUDIO, LLC**                                                                    **PLAINTIFF**

**V.**                                        **CASE NO. 5:25-CV-05131**

**JORDAN CARMON and CARMON**
**TECHNOLOGIES, LLC**                                                              **DEFENDANT**

## ORDER

Now before the Court is a Motion for Costs and Fees from Plaintiff and to Stay (Docs. 19, 20) filed by Defendants Jordan Carmon and Carmon Technologies, LLC, a Response in Opposition by Plaintiff Matchstick Studio, LLC (Doc. 25), and Defendants' Reply (Doc. 28).

This case arises out of a business dispute between Matchstick Studio and Jordan Carmon, Matchstick's co-founder, former co-owner, and the now founder of Carmon Technologies, LLC.   In March 2024, Carmon left Matchstick Studio and sold his membership interest in Matchstick to its fellow co-founder, Austin Phillips.   *See* Doc. 2, ¶ 58.   Matchstick alleges that in the process of leaving the company, Carmon misappropriated Matchstick's copyrighted source code and trade secret information and attempted to poach Matchstick's clients for his new enterprise, Carmon Technologies. *Id.*, ¶¶ 60–108.   On June 5, 2024, Matchstick filed a complaint and motion for temporary restraining order in Arkansas state court alleging conversion, tortious interference with a business expectancy, and fraud.   *See* Doc. 20-1, pp. 1–15.   Matchstick's Motion for Temporary Restraining Order was dismissed on June 21, 2024, *see id.*, pp. 77–79, and discovery in that case began shortly after.   Much of the parties' briefing is dedicated to rehashing various discovery disputes and allegations of spoliation between the parties

1

after that time.  Discovery continued until March 5, 2025, when Mr. Carmon and Carmon Technologies moved for partial summary judgment on Matchstick's tortious interference claim, to which Matchstick responded.  The motion was set for a hearing on June 25, 2025, but Matchstick voluntarily non-suited its case under Arkansas Rule of Civil Procedure 41 on June 18, 2025, and filed its Complaint in this action that same day.  *See* Doc. 2.  Although based on substantially similar facts as the state court action, Matchstick's federal case additionally alleges copyright infringement and misappropriation of trade secrets under federal law.  *Id.* ¶¶ 177–213.  Mr. Carmon and Carmon Technologies now seek an award of costs and attorneys' fees from the prior state court action between the parties under Federal Rule of Civil Procedure Rule 41(d), and to stay the instant action until those fees are paid.

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant" the Court "may order the plaintiff to pay all or part of the costs of that previous action" and stay the proceedings "until the plaintiff has complied."  Fed. R. Civ. P. 41(d).  Ultimately, it is within the Court's discretion to decide whether an award of costs is appropriate in any given case, and while apparently not required by Eighth Circuit precedent, the few courts in our Circuit to address the issue have awarded costs to further Rule 41(d)'s purpose of deterring "forum shopping and vexatious litigation."  *See Robinson v. Bank of Am., N.A.*, 553 F.Appx. 648, 652 (8th Cir. 2014) (citing *Simeone v. First Bank Nat'l Ass'n*, 791 F.2d 103, 108 (8th Cir. 1992).

The Court finds that an award under Rule 41(d) is inappropriate here.  Matchstick asserts that it developed its copyright claims during discovery in the state course case

and after filing copyright applications while that case was pending, and that it nonsuited its state claims to bring its copyright claims in this Court because of this Court's exclusive jurisdiction over those claims. Although the Court views Matchstick's behavior with some skepticism—for example, although Matchstick suggests it began pursuing its copyright claims after expert discovery in January 2025, all but one of its copyright registrations was obtained in the summer of 2024, *see* Doc. 2, pp. 36–44—the Court is persuaded that Matchstick's stated reasons for dismissal are credible, and that potential overlap between the cases is unlikely to prejudice Mr. Carmon and Carmon Technologies. Matchstick is correct that federal district courts have exclusive jurisdiction over claims arising out of the Copyright Act. 28 U.S.C. § 1338. Matchstick is further correct that it could not have brought its copyright claim until it obtained a registration with the United States Copyright Office. *See* 17 U.S.C. § 411(a); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019). And Matchstick's stated motivation for filing in state court before it could bring its federal copyright claims—to prevent Carmon and Carmon Technologies from poaching its clients—is neither vexatious nor an exercise in forum shopping. Further, there is no indication in the record that the state court was likely to rule against Matchstick (or for it, for that matter), on Carmon and Carmon Technologies' Motion for Partial Summary Judgment. The Court therefore does not credit Carmon and Carmon Technologies' arguments that the earlier state court suit was brought in or motivated by bad faith, or that the state court action was nonsuited to avoid an adverse ruling in that case.

There is also little evidence in the record that suggests Defendants will be prejudiced without an award of costs and fees. While the state court action involved some

discovery, no depositions were taken in that case, *see* Doc. 20-1, ¶ 11, the parties' prior expert work will be applicable here, and neither party apparently produced much prior to Matchstick's voluntary dismissal.  Even if Matchstick's choice to dismiss its state case was strategic, that decision hardly prejudices Mr. Carmon or Carmon Technologies now.

**IT IS THEREFORE ORDERED** that the Motion for Costs and Fees from Plaintiff and to Stay (Doc. 19) is **DENIED**.

**IT IS SO ORDERED** on this 17th day of November, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE